LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On January 30, 2001, Michael Greer was injured in an automobile accident. Greer, who was working at the time of the wreck, was rear-ended by Vernon Padgett, Jr. Greer was driving a vehicle owned by his employer, F.L. Crane and Sons, Inc. At the time of the accident, F.L. Crane insured its fleet of nine vehicles under a policy issued by Liberty Mutual, with each vehicle insured for $25,000 in uninsured motorist (UM) coverage. Padgett was insured through Farm Bureau.
*1232 ¶ 2. On October 21, 2002, Greer filed suit against Padgett and Liberty Mutual. Greer alleged that Padgett was an under-insured driver, and as such Greer was entitled to stack the uninsured motorist coverage of the nine F.L. Crane vehicles for a total of $225,000 in coverage. Liberty Mutual answered, and Farm Bureau tendered to Greer its liability limit of $25,000. Liberty Mutual moved for summary judgment, arguing that Greer was not entitled to stack the UM coverage, therefore Padgett was not underinsured. The trial court granted Liberty Mutual’s motion for summary judgment. It is from this ruling that Greer now appeals, arguing that he is entitled to stack the uninsured motorist coverage of the F.L. Crane fleet.
STANDARD OF REVIEW
¶ 3. When reviewing the granting or the denying of summary judgment, this Court uses the same standard of review employed by the trial court. McDaniel v. Shaklee, 807 So.2d 393, 395(¶6) (Miss.2001). This Court reviews de novo the order granting or denying summary judgment and looks at all the evidentiary matters before the trial court. Id. The evidence must be viewed in the light most favorable to the party against whom the motion for summary judgment has been made. Id.
DISCUSSION OF THE ISSUE
¶ 4. The Mississippi Supreme Court recently addressed the issue of aggregating uninsured motorist coverage for the purpose of compensating an injured party in Mascarella v. U.S. Fidelity and Guaranty Co., 833 So.2d 575 (Miss.2002). In Mascarella, the plaintiff-employee was injured in an automobile accident while driving a fleet car owned by her employer. Mascar-ella sued the employer’s insurance company in federal district court to recover additional UM proceeds. U.S. Fidelity moved for summary judgment, and the trial court granted the motion. Mascarella appealed, and the Fifth Circuit issued a Certificate to the Mississippi Supreme Court to clarify whether an insured is entitled to stack the UM coverage of other vehicles covered under his fleet policy, thus making the third-party tortfeasor’s vehicle an underin-sured vehicle. Id.
¶ 5. The Mississippi Supreme Court reviewed the law in this state pertaining to stacking underinsured motorist coverage, and the Court determined that the facts of the Mascarella case differed from the facts in the question submitted from the Fifth Circuit in that Mascarella did not own the fleet policy. Because Mascarella’s employer, and not Mascarella, owned the insured fleet, and because Mascarella was not otherwise insured, Mascarella was precluded from stacking the UM coverage of the seven other vehicles in his employer’s fleet. Id. at 579 (¶ 12). The Mississippi Supreme Court clearly stated that because Mascarella did not insure the vehicle in which he was driving at the time of the accident and because Mascarella did not insure the fleet of vehicles listed on the policy, Mascarella was limited to stacking the UM coverage of the vehicle in which he was traveling with his own UM coverage. Since Mascarella had no personal UM coverage, he had nothing to stack with the UM coverage of the vehicle he was driving to compare to the coverage offered by the third-party tortfeasor.
¶ 6. This Court finds that the case sub judice is identical to the facts of Mascarel-la. Greer did not insure the vehicle he was driving, nor did Greer insure the fleet of vehicles covered by the insurance policy. The truck Greer was driving at the time of the accident was owned by F.L. Crane, and F.L. Crane insured the truck. Like *1233 wise, F.L. Crane owned and insured the fleet of vehicles. Greer does not have UM coverage of his own. These facts are not in dispute. Under facts such as these, “an injured party may not stack the UM coverage of the other ‘fleet’ vehicles not involved in the accident to have a third-party tortfeasor’s vehicle declared underinsured where the injured party did not insure the fleet in question.” Id. at 580 (¶ 14). Thus, Greer cannot use the UM coverage for the remaining, uninvolved fleet vehicles to render Padgett an underinsured driver. Accordingly, the trial court properly granted the motion for summary judgment.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.